**DIXIE OIL CO., Inc., v. McBURNETT. ***
(No. 7132.)

Court of Civil Appeals of Texas. Austin. Aug. 6, 1927.

Rehearing Denied Oct. 5, 1927.

**1. Mines and minerals ⊛⇒6—Grouping of vendor's prospecting permit with other permits under assignment held not to render vendor's title on reassignment defective, preventing specific performance (Vernon's Ann. Civ. St. Supp. 1922, art. 5904o27).**

Fact that assignee from vendor had oil and gas prospecting permit on university lands grouped with other permits for development under Vernon's Ann. Civ. St. Supp. 1922, art. 5904o27, *held* not to render vendor's title defective in his suit for specific performance of escrow purchase contract, where permit had been reassigned vendor, and owners of other permits either disclaimed interest in permit so reassigned or took reassignment of their interests.

**2. Evidence ⊛⇒441(1)—Where there was no writing, parol evidence of rights under grouping agreement held admissible in suit for specific performance of prospecting permit (Vernon's Ann. Civ. St. Supp. 1922, art. 5904o27).**

In suit for specific performance of agreement to transfer oil and gas prospecting permit on university lands, parol evidence *held* admissible to show terms of grouping agreement under which permit was grouped with other leases for development purposes under Vernon's Ann. Civ. St. Supp. 1922, art. 5904o27, where it was claimed grouping agreement rendered vendor's title defective, and where no writing evidenced rights of parties under agreement.

**3. Mines and minerals ⊛⇒6—Company, receiving by reassignment all permits assigned for purposes of grouping, held to have no interest in other permits (Vernon's Ann. Civ. St. Supp. 1922, art. 5904o27).**

Where, after grouping of mineral permits for development of public lands under Vernon's Ann. Civ. St. Supp. 1922, art. 5904o27, company received by reassignment all interest in its permits originally conveyed for purpose of grouping, it had no interest in other permits grouped such as to render title thereto defective in specific performance suit.

**4. Specific performance ⊛⇒120—Matters necessarily resting in parol and affecting title may be shown in specific performance suit.**

Where matters affecting title necessarily rest in parol, it is competent to show them in suit for specific performance.

**5. Sales ⊛⇒135—Vendor and purchaser ⊛⇒130(2)—Vendor or assignor furnishes good title by proof of facts sufficient to relieve title of question beyond reasonable doubt.**

Vendor or assignor meets requirements of his agreement for good title by furnishing proof of matters affecting title sufficient to remove question of title beyond reasonable doubt.

**6. Mines and minerals ⊛⇒6—Reassignment of only part of permit assigned for grouping purposes held no defense to purchaser of part reassigned in suit for specific performance of agreement executed prior to statute (Vernon's Ann. Civ. St. Supp. 1922, art. 5904o27; Rev. St. 1925, art. 5343, §§ 10, 14).**

In suit for specific performance of escrow agreement for transfer of oil and gas prospecting permit, it was no defense that only part of permit originally assigned by vendor for grouping under Vernon's Ann. Civ. St. Supp. 1922, art. 5904o27, had been reassigned, where escrow agreement called merely for transfer of part reassigned and where agreement was executed prior to Rev. St. 1925, art. 5343, §§ 10, 14, regulating transfer of public land leases.

Appeal from District Court, Tom Green County; J. F. Sutton, Judge.

---

⊛⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted December 14, 1927.

Action by C. C. McBurnett against the Dixie Oil Company, Inc. Judgment for plaintiff, and defendant appeals. Affirmed.

P. H. Swearingen and Powell & Green, all of San Antonio, for appellant.

Collins, Jackson & Snodgrass, of San Angelo, for appellee.

McCLENDON, C. J. Appeal from a judgment in favor of C. C. McBurnett (appellee) decreeing against Dixie Oil Company (appellant) specific performance of an escrow agreement by which appellee was to transfer to appellant an oil and gas prospecting permit covering the south half of section 11, block 7, state university lands in Reagan county, and appellee was to receive a draft for $4,800 drawn on appellant, stipulating:

"The title for which this draft is given is subject to approval by company's attorneys and purchase thereof to approval of company's officers at Shreveport, La."

Trial was to the court without a jury.

The facts are undisputed, and the general principles of law applicable are well settled and conceded; the only question being their application in the present case. The title was disapproved by appellant's attorneys, and the question presented is whether the title was open to reasonable doubt as to whether there were outstanding any interests in the permit by virtue of its having been grouped with other leases for development purposes under 5904o27 (Vernon's 1922 Supp.).

Briefly stated, the record title and uncontradicted evidence show the following: The Land Commissioner on July 11, 1923, issued to Little permit No. 8151, covering four sections, including section 11, in block 7. Little assigned the permit to Hoffman September 16, 1924. Hoffman reassigned to Little September 18, 1924, the permit in so far as it covered sections 11 and 12 of block 7; and Little later assigned to McBurnett. On September 17, 1924, Hoffman executed a verified declaration for the purpose of grouping permit 8151 with five other permits belonging to other parties, one of which was owned by the Panhandle Refining Company. This declaration was to the effect that Hoffman was the sole owner of these permits, and that they were grouped and combined into one organization under the above article for the purpose of developing oil and gas. This declaration was declined by the Land Commissioner on the ground that it showed one ownership but the grouping was "into one organization." October 9, 1924, Hoffman, in order to meet this objection, executed a verified "declaration of capacity and ownership," which, after setting out the several assignments of the six permits to himself, reads:

"Whereas, it was the known intention of all said assignors in executing and delivering said assignments to combine all of said permits and lands effected and covered thereby into one ownership for the purpose of developing the same under the express provisions of said permits, and was likewise the avowed and known intention of the said P. L. Hoffman, the undersigned, in accepting the same to develop said permits under authority of and subject to the powers, privileges and rights evidenced by article 5904o27 Vernon's Sayles' Civil Statutes of Texas.

"Therefore, know all men by these presents: That I, P. L. Hoffman, do hereby declare and affirm that I own and hold each and all of the above described university oil and gas prospecting permits, and interests therein in one ownership into which the same have been grouped and combined for the purpose of developing oil and gas, pursuant to article 5904o27 of Vernon's Sayles' Civil Statutes of Texas."

This declaration was filed in the General Land Office and approved by the Commissioner.

Upon objection by appellant's attorney that this grouping declaration showed an outstanding equitable interest of some nature in the assignors of the other five permits, abstracts of title to each of the latter were furnished by appellee. These showed that Hoffman had reassigned to his several assignors, including the Panhandle Refining Company, either all or one-half of the respective permits; that these reassigned interests had been in many instances subsequently assigned to various parties; and that Hoffman had also made assignments to various parties of the interests in the several portions of permits not reassigned by him.

Appellee also furnished appellant an affidavit of all the parties to the original grouping agreement, including Hoffman, except the Panhandle Refining Company, which was to the following effect: That a short time before August 16, 1924, the several permit owners agreed to place the permits in Hoffman's name by proper assignments, with the understanding that Hoffman would thereafter group the permits in accordance with the above statute, in order to prevent them from becoming forfeited; and while no written agreement was executed by the parties, it was then definitely understood by all of them that after the permits had been so transferred to Hoffman and he had grouped them with the consent of the Land Commissioner, he would immediately thereafter, and upon the drilling of a well, reconvey to each of the owners their respective definite interests in the grouped permits; that the only purpose of the transfer and grouping was to prevent forfeiture; and that none of the permit owners acquired any interest whatever in the other permits in the group, or in the oil or gas produced under them. This affidavit was also subscribed by Hoffman.

The uncontradicted evidence showed that Hoffman's only interest aside from his ownership of one of the permits was that he was to get one-half of the acreage in considera-

tion of drilling a well on some part of the grouped permits to a depth of 3,100 feet. It was also shown that while the several assignments to Hoffman, his reassignments to the original assignors, and his grouping declaration, bore different dates, these instruments were all as a matter of fact simultaneously delivered and filed for record in Reagan county and were a part of the same transaction. The record also shows, confirmation by Hoffman to Little of the reassignment subsequently to the 1925 amendment to the oil and gas statutes, hereafter noted.

[1] We may assume, as contended by appellant, that Hoffman's declaration, filed with the Land Commissioner, indicated that there might be some sort of combination or grouping of the interests of the several assignor permit owners giving each in some way an interest in all the other grouped permits; and that this declaration was sufficient to charge a subsequent assignee under Little with notice of such interest. For the purposes of this appeal we may concede this proposition as correct. We think, however, the record, together with the affidavit noted, show beyond reasonable doubt that under the grouping agreement no one other than Hoffman acquired any interest in the permits; that this interest of Hoffman's was only a half interest in the acreage assigned to him; and that his reassignment to Little, together with his subsequent affidavit that he had no interest in the portion of the permit in issue, was conclusive evidence of title in McBurnett.

The contention of appellant that he was entitled to a record showing binding upon every assignor in the group, that there was no adverse interest in the permit at issue, we think not tenable. The evidence conclusively shows that when this grouping agreement was made there was no writing which evidenced the respective rights of the assignors, but that these rights were fixed by a parol agreement, the terms of which were clearly understood by all the parties, and about which there was absolutely no controversy, as shown by the affidavit of every party to the agreement ex-

cept the Panhandle Refining Company, to which company had been reassigned its entire holdings in the grouped permits.

[2, 3] There being no writing evidencing the rights of the parties, it was clearly competent to show the terms of the grouping agreement by parol, and this unquestionably was shown without controversy and conclusively, and appellant was furnished proof thereof by affidavit binding upon every party to the original agreement except the Panhandle Refining Company; and the record shows that that company had received by reassignment from Hoffman all the interest it had originally conveyed to him, which necessarily carried with it any interest it might have had in the other permits.

[4, 5] The following authority supports the proposition that where matters affecting the title necessarily rest in parol, it is competent to so show them in a suit for specific performance; and that the vendor or assignor meets the requirements of his agreement for good title by furnishing proof of such facts sufficient to relieve the title of question beyond reasonable doubt: Hollifield v. Landrum, 31 Tex. Civ. App. 187, 71 S. W. 979.

[6] Some question has been raised by appellant with reference to the validity of the reassignment to Little of only a part of permit 8151. There is no merit in this contention for two reasons: In the first place, the escrow agreement called for an assignment of only a part of the permit, and this agreement was executed prior to the time the 1925 (R. S. art. 5343, § 10) act became effective and the assignment in escrow bore date prior thereto. In the second place, the escrow agreement was made just a few days before the 1925 act went into effect, and Hoffman subsequently confirmed the previous assignment to Little.

It should also be noted that the act of 1925 (R. S. art. 5343, § 14) extended all permits for five years, the effect of which was to render the grouping agreement no longer necessary in so far as it had to do with preventing forfeiture.

The trial court's judgment is affirmed.
Affirmed.